**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 00-20855
(Summary Calendar)

---

MYRA WRENN,

Plaintiff-Appellant,

v.

HOUSTON COMMUNITY COLLEGE SYSTEM; ET AL,

Defendants,

HOUSTON COMMUNITY COLLEGE SYSTEM; BOARD OF TRUSTEES OF HOUSTON
COMMUNITY COLLEGE SYSTEM; RUTH BURGOS SASSER, in her capacity as
Chancellor of Houston Community College System; CAROLYN GLASS, in
her capacity as Campus Operations Officer of Houston Community
College System and in her capacity as immediate supervisor of
plaintiff; ROBERT HAYES; NADINE BLAIR,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
(H:98-CV-3641)

---

April 2, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Myra Wrenn appeals pro se the district

---

[*]Pursuant to 5TH Cir. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH Cir. Rule 47.5.4.

1

court's grant of summary judgment dismissing her myriad claims against Defendants-Appellees. Wrenn alleges, inter alia, employment discrimination on the basis of race pursuant to Title VII, 42 U.S.C. § 2000e et seq.; violations of 42 U.S.C. §§ 1983 and 1985; and breach of contract. The vast majority of her claims are wholly without merit or even specious, so we will not dignify them with analyses; rather we address here only those of Wrenn's claims that at least facially appear to have a modicum of basis in fact or law.

Wrenn contends that she was the victim of a systematic effort by the Houston Community College System ("HCCS") to discriminate against her and other members of her protected class (African American); and that, as a result, she suffered 44 separate instances of racial discrimination in her employment. Essentially, she argues that HCCS discriminated in its employment practices, both directly in making its actual hiring decisions and indirectly by failing to advertise the availability of employment opportunities in an effort to prevent Wrenn and other members of her protected class from applying for these opportunities. We agree with the district court that there is no evidence demonstrating any such systematic effort on the part of anyone at HCCS. Moreover, we conclude, as did the district court, that each of Wrenn's individual claims of employment discrimination fails either because it is time-barred or because she has failed to present a prima facie case of that discrimination: In each instance

of failure to present a prima facie case, Wrenn has failed to demonstrate either that she was qualified for the position or that the position was filled by a person outside the protected class.

Wrenn also argues that Ruth Burgos Sasser, in her capacity as Chancellor; Carolyn Glass, in her capacity as Campus Operations Officer and as immediate supervisor of plaintiff; and HCCS, as her employer, are liable pursuant to §§ 1983 and 1985 for HCCS's systematic practice of discriminating on the basis of race in employment decisions. Wrenn has proffered no credible evidence demonstrating the existence of such a policy or custom or of any deliberate indifference on the part of these parties that allowed such a practice to occur. Additionally, many of these claims are time-barred and, in each instance, Wrenn has failed to show that she was deprived of any cognizable property or liberty interest.

Wrenn next contends that the district court erred in dismissing her §§ 1983 and 1985 claims against Robert Hayes, chief of police for HCCS, and Nadine Blair, a faculty member at HCCS. These claims arise from Blair's alleged failure timely to furnish insurance information to Wrenn and the HCCS police's alleged failure to compel that disclosure following a traffic accident in which Blair rear-ended Wrenn on campus. The district court correctly noted that the actions alleged to have been committed by Hayes and Blair would not constitute a violation of Wrenn's federal constitutional rights, and that Blair was not acting under color of state law either during the traffic accident or thereafter when she

3

failed to disclose her insurance information timely. That court was also correct in concluding that there is no evidence that Hayes's "conduct violated any clearly established constitutional right nor that he had knowledge of or was deliberately indifferent to any constitutional violation by any of his subordinates" and that he is therefore entitled to qualified immunity.

Finally, Wrenn claims that the failure of HCCS to assign desirable duties to her and to conduct a grievance hearing constitutes a breach of her employment contract under Texas law. This claim is also without merit. The terms of Wrenn's contract specifically grant the chancellor complete discretion to determine Wrenn's assignments and job duties. The contract is silent as to grievance procedures, and, moreover, the summary judgment evidence indicates that all grievances were properly handled and that Wrenn was denied a hearing solely because her alleged grievances were unmeritorious.

Having carefully considered the full record on appeal and the appellate briefs of the parties as well as the comprehensive opinion of the district court, we are satisfied that summary judgment was providently granted. We therefore affirm the judgment of the district court for essentially the same reasons set forth in its exhaustive opinion.

AFFIRMED.